■ JOSEPH DAVIS, Respondent, v. LYNDEL CORP. et al., Appellants, et al., Defendants.— In an action to recover damages for personal injuries sustained by plaintiff while working as an electrician foreman for defendant B. Messite & Co., a subcontractor engaged in the construction of a building for defendant United Parcel Service of New York, Inc., certain of the defendants appeal as follows from two orders of the Supreme Court, Kings County: (1) Defendant Kennedy, Scheidel & Young, Inc. (hereafter referred to as the Kennedy corporation) appeals from an order, dated June 5, 1961, which granted plaintiff's motion for omnibus relief by, *inter alia*: (a) vacating a prior order granted September 9, 1960, entered on plaintiff's default, which had granted the Kennedy corporation's motion to dismiss the action as to it for lack of prosecution; (b) opening plaintiff's default with respect to said motion to dismiss and denying the motion on the merits; (c) with respect to the examination before trial sought by plaintiff, limiting it "as to defendants who have been served with a summons and as to whom this action continues, namely, the defendants

Lyndel Corp., Barco Building & Contracting Co., Inc., Kennedy, Scheidel & Young, Inc., United Parcel Service of New York, Inc. and B. Messite Co."; (d) directing all of said named defendants to appear for examination by plaintiff and to produce their books and records upon such examination in order to enable plaintiff to obtain information sufficient to frame his complaint; and (e) extending plaintiff's time to serve his complaint until 20 days after said examinations shall have been completed. (2) Defendant Lyndel corporation and defendant United corporation appeal from so much of said order of June 5, 1961, as directed them to appear for examination by plaintiff and to produce their books and records. (3) Defendant Lyndel corporation also appeals from an order, dated June 7, 1961, which denied as academic its motion to dismiss the action pursuant to section 257 of the Civil Practice Act, by reason of plaintiff's failure to serve his complaint within the time prescribed by said section. Order of June 7, 1961, affirmed, without costs. Order of June 5, 1961, modified as follows: (1) by striking out the provision quoted above; (2) by substituting therefor one provision directing that the three defendants, Lyndel corporation, the Barco Corporation and the Kennedy corporation, as adverse parties, shall appear and submit to examination by the plaintiff; a second provision directing that the defendant United corporation, as to whom the action appears to have been discontinued by written stipulation between it and the plaintiff, shall appear and submit to such examination as a witness; and a third provision directing that the defendant Messite company, who plaintiff concedes has not been served with process and has not yet appeared in the action, shall also appear and submit to such examination as a witness. As so modified, order of June 5, 1961, affirmed, without costs, and without prejudice to such action as plaintiff may be advised with respect to vacating the written stipulation between him and defendant United corporation discontinuing the action as to it. The examinations shall proceed on 10 days' written notice to the respective parties and witnesses, or on such date or dates as may be mutually fixed by written stipulations. Since no action has as yet been taken by plaintiff to set aside the stipulation of discontinuance between him and the defendant United corporation, and since it is conceded that the defendant Messite company has not yet been served with process or appeared in the action, it was improper on these motions to determine indirectly that such stipulation is not binding or to dispense indirectly with service of process upon the Messite company by declaring that the action continues as to them and directing them in effect to appear for examination as adverse parties. Their testimony, however, appears to be material and necessary to plaintiff to enable him to obtain information sufficient to frame a proper complaint, and, in view of the special circumstances which exist here, they may be presently examined, not as adverse parties, but as witnesses, as authorized by section 288 of the Civil Practice Act. With respect to the original motion to dismiss the action made in 1960 by the defendant Kennedy corporation, in our opinion the plaintiff showed facts sufficient to excuse his default in opposing such motion and to establish prima facie the merits of his claim. Appellants, on the other hand, neither showed nor claimed any prejudice. Under the circumstances, the Special Term did not improvidently exercise its discretion in granting plaintiff's motion for the omnibus relief sought and in denying the motion of the defendant Lyndel corporation to dismiss the action for failure to serve the complaint within the time prescribed by statute (Civ. Prac. Act, § 257). Beldock, P. J., Ughetta, Christ, Hill and Hopkins, JJ., concur.